**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**KING LOUIE BOWLING CORPORATION OF MISSOURI, Respondent.**

No. 72-1353.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1973.

Decided Feb. 8, 1973.

David Miller, Atty., N.L.R.B., Washington, D. C., for petitioner.

Loeb H. Granoff, Kansas City, Mo., for respondent.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

The Board determined that respondent, King Louie Bowling Corporation of Missouri (King Louie) violated § 8(a) (1) of the Act by requesting employees to obtain for King Louie copies of statements given the Board in an earlier unfair labor practice proceeding. The Board also found that King Louie violated § 8(a)(1) and (4) by retaliating against employee Wilma H. Willis through harassment, alteration of her employment duties, and finally, discharge, because she had given a signed statement to the Board at variance with the statement of her manager in the earlier proceeding. The Board entered its usual cease and desist order and directed that Willis be reinstated with backpay. This application for enforcement of the Board's order followed.

King Louie claims that the record lacks substantial evidence to support the Board's determination that employee Wil-

* Eastern District of Michigan, sitting by designation.

was discriminated against and discharged due to her "testimony," *i. e.*, a written statement, to the Board.[1] Rather, according to the employer, Ms. Willis' conduct subsequent to the earlier unfair labor practice proceeding justified the discharge.

Although the record indicates that Willis engaged in conduct which under ordinary circumstances would have justified immediate discharge (*e. g.*, blatantly abusive language directed at the manager in the presence of customers and a physical fight with a fellow employee), on the record as a whole we think the trial examiner properly concluded that the discharge "was motivated as a reprisal for the information she [Willis] gave the Board" in the earlier unfair labor practice case. Willis is, therefore, entitled to relief.

We, however, are of the firm belief that Willis is hardly blameless for the events which served to aggravate the tensions between her and the manager of the bowling alley. Perhaps, as King Louie suggests in its brief, "Her work * * * had become an obsessive labor of love unrelated to monetary considerations, which fact contributed to a stubborn, testy sense of indispensibility." In any case, the employee-manager relationship between Willis and the present manager of the bowling alley has deteriorated to such a degree that, without intending to encroach upon the Board's prerogative to fashion an appropriate remedy, we are compelled to question the feasibility of reinstatement under the circumstances presented here. Thus, although we do not specifically disapprove of reinstatement, we suggest that on remand, the Board may wish to consider appropriate alternative relief such as awarding a reasonable termination settlement in lieu of reinstatement.

Order enforced subject to discretionary modification by the Board in conformity with this opinion.

---

1. NLRB v. Scrivener, 405 U.S. 117, 92 S. Ct. 798, 31 L.Ed.2d 79 (1972), establishes that the giving of a signed statement to a Board representative in the course of an investigation of alleged employer unfair labor practices comes within the protection of § 8(a)(4). Section 8(a)(4) makes it an unfair labor practice for an employer "to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter." 29 U.S.C. § 158(a)(4).